Minott, United States v. Minott, case number 242641. Good morning, your honors. What I would like to do, because my time is kind of limited here, I, my view of the one reference in, concerning Minott using electronic media in some manner or form was, there's one citation in the pre-sentence report, the day after the shooting and subsequent Facebook conversations, Minott told another individual that he had tried to shoot the gun, but it had jammed and did not fire. The government, in the pre-sentence report, also says the government noted that Minott also recorded a video with his cell phone showing the gun and a magazine containing bullets. That's the only indication in the record that Minott used social media. Now, if the Court's view is that's enough. Isn't that enough? Why isn't that enough? I don't think it's enough because I think the search conditions are supposed to be narrowly tailored. Okay? I think the search condition here is the laundry list that you get in every case. I think what would be appropriate, based on the one reference to Minott's use of electronic media, is that his Facebook account can be searched and because he did, because he used a gun, he used a video, or he used his cell phone to make a video about the gun, that, yes, his cell phone should be examined. I think that brief reference, if the Court feels that that is, in fact, enough, then put those two conditions in and strike all the other things in that search condition, which are, okay, computer or other data storage devices, cloud storage or media and effects. Strike those. Because there's no other. We're on plain error review, right? Yes. And how is this plain error? Well, I think because the Court did not explain why it was imposing the search condition at all. And I don't think there's enough in the record to support each and every one of those conditions. He used his cell phone, he made a video, he posted it on Facebook. You don't think that's enough in a plain error context? It's enough to have his Facebook account searched and it's enough to have his phone searched. And the Government, in their brief, they have another reference to social media and to online stuff, but it's got nothing to do with Minna. They cite a New York Times article which says, Minna's use of a ghost gun predicates a reasonable concern that he would seek one, to obtain one again, and ghost guns are often sold online. So he – I think that's just too attenuated. I think he might attain one and some other people go online to get a ghost gun kit. There's nothing in the record that indicates that he did that. And I'd also want – What was he convicted of? He was convicted of possession of ammunition by a felon. And, you know, there is a backdrop of this case that it started out with a shootout and somebody shooting at him, him returning to the area where the person shot at him and tried to fire a gun in response. So there's – I'm not just going on, well, he only pleaded guilty to ammunition and that's the only thing involved. In all honesty, there's a little more involved in that, which is the background of the case. The sentencing court felt that it wasn't enough to trigger an enhancement, but the sentencing court was also aware of his role in the shootout. No, and I appreciate it. As you probably know, Mr. Angeletti, have a number of these cases involving either on plain error or as a matter of abuse of discretion review electronic search condition challenges. And – but I think, I think that our case law is developing so that when there is evidence on the record, and I think that there is evidence, as you acknowledge, of a defendant using different forms of electronic communications and so on as part of the crime of conviction on plain error, it's a little difficult for us to say that it's plain error, that it's clear error. Now, what you're saying is that you would ask us, even on plain error, to carve out, for example, the cloud storage. The – although that seems to be encompassed in the conduct that you acknowledge he engaged in. I mean, he took a video. Presumably that's on the cloud somewhere. I don't know if it is or not. Yeah, but I'm not sure that we've been in the business of superintending what precise types of electronic search conditions a district court is authorized to impose. You know, generally speaking, I think that the – as I read them, our decisions say, if there's enough on the record, there's stock language, frankly, with respect to the electronic search conditions, and that's enough. Some cases do. In some cases, the Court's done that. In some cases, it's struck down the condition. For example, in Meadows, the search condition was struck down. Judge Sack knows more about that case than I do because he was on the panel. And also in Jimenez, the Court struck it down. Despite the – in those cases, even though they were – the predicate for the search was reasonable suspicion, that didn't save those – the flaws in those cases. Thank you very much. Thank you, Your Honor. We have reserved one minute for rebuttal. We'll hear from the government. Ms. Daniels. Good morning. Good morning, and may it please the Court. My name is Lisa Daniels, and I represent the government on appeal and before the district court. The district court did not err, let alone plainly err, in imposing this special search condition as a condition of supervised release because it explained its reasoning on the record. When imposing the condition, the Court stated that probation recommended a search condition. I am inclined to impose the search condition given the circumstances of this offense. That's at the appendix at page 135. The Court then went on, or rather earlier in the sentencing proceeding, explained those circumstances of the offense on the record, as well as the Court's concerns about them. Specifically, the Court stated, I do find this conduct troubling. I do find it troubling that this firearm was used in this case. I find it troubling that after the ammunition and the firearm was used, Mr. Minot went on Facebook Live for the displaying of this gun and talking about his possession of the firearm, which speaks to the need for specific deterrence as well as general deterrence. That's in the appendix at page 96. Facebook Live, of course, is accessed through electronic devices. That can be a cell phone. That can be a computer. Because the Court made an individualized assessment here, stated its reasons on the record, and those were connected to the 3553A factors, the imposition of the special search condition was therefore procedurally reasonable.  So your friend on the other side, Ms. Ciancioletti, says, okay, okay, okay, maybe you got me on some of these conditions, some components of the condition, but why don't we carve out some others? And I take it that he might not be too concerned about some parts, but the data storage devices, a computer that was not used, it's all on a phone with Facebook, so what's the response to that? Two things, Your Honor. I think as you were alluding to while my colleague was addressing the Court a few moments ago, this evidence can be found on the physical device itself, but with respect to that video of the gun and the ammunition, that type of data can also be found on the cloud. It doesn't matter which one it is found or taken from for the government's evidence for it to be relevant as a purpose for supervised release for this condition. And second, this Court has not even required the use of electronic devices to be involved in the incident offense in order for a special search condition involving electronic devices to be appropriate for the goals of supervision. That is now subject to a lot of cases pending, as Mr. Maiman probably is aware. But that's your response. Yes, Your Honor. Here where the reasons for the condition were stated on the record, as well as the reasons for the special condition, where they're self-evident in the record as they are here, this case falls within the heartland of those where this Court has found that it should affirm the conditions below. Of course, the government agrees that not every case is, not every sentencing gives rise to an electronic search condition. In other words, if there were no evidence that Mr. Minata or whoever the defendant is had the Facebook page or any use of the electronic devices in connection with his crime, then an electronic search condition would be inappropriate. Is that right? I disagree, Your Honor. Here where there is a history of criminal conduct also involving firearms, in particular here when the defendant committed the incident crime, he was on probation for a prior attempted assault that also included the use of a firearm. That was an armed attempted assault. So just so now you've clarified some things for me. So just the government's position is that just a firearm offense without any evidence of any use whatsoever of any electronic device is enough to impose an electronic search condition. Not necessarily, Your Honor. I think this Court has made clear in cases such as Arjuendas and in Robinson that where there is a criminal history, where there is a need to protect the public, where there is a need for deterrence, and where those conditions. I think you're reading too much into Judge Loyer's question. He's simply asking whether it's the government's position that in any gun case, even one without any use of electronic devices, there should be a search condition that includes electronic devices. I'm interested in the government's position here.  With respect to gun cases at large, I think it would need to be, as the Court does, a case-by-case determination. But here, with the record before us, it seems quite clear that this is within the heartland of cases. Case-by-case, circumstance-by-circumstance. So there are some gun cases where there might not be a legal basis to impose an electronic search condition. I'm not able to think of a hypothetical off the top of my head, Your Honor, though I do think in the majority of the cases, if not all that have come before the Court recently, the Court has found that it is appropriate for various reasons. Unless the Court has any further questions. No, thanks. Well, thank you very much. Okay. Ms. Daniels recently made reference to Arguedas. And I — Arguedas is the strangest case in terms of review of these conditions. Because what Arguedas does, the attorney filed a motion to be relieved in an Anders brief, but did not address the search condition. And the Court — what the courts will usually do is deny the motion to be relieved by that attorney and ask him to brief the issue that he neglected to brief. What Arguedas does, they go through the record themselves without any briefing by any attorney representing Arguedas. And then they decide that there's harmless error. It's the only case I've ever seen that the Court finds a deficiency in the attorney's Anders brief and doesn't ask that the attorney remedy the Anders brief by researching it and briefing it on behalf of his client. And I have 10 seconds left, and I'll return them to the Court. Thank you very much. We'll take them. We will reserve the decision. Thank you on both sides.